IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXELIXIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1208-RGA |
| | ) | C.A. No. 25-423-RGA |
| SUN PHARMACEUTICALS INDUSTRIES LTD. and SUN PHARMACEUTICAL INDUSTRIES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EXELIXIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-346-RGA |
| | ) | |
| MSN LABORATORIES PRIVATE LIMITED and MSN PHARMACEUTICALS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EXELIXIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-478-RGA |
| | ) | |
| AZURITY PHARMACEUTICALS, INC., AZURITY PHARMACEUTICALS INDIA LLP, and SLAYBACK PHARMA LLC | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**[REVISED PROPOSED] SCHEDULING ORDER**

This _____ day of August, 2025, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Consolidation. The parties agree that the matters identified in the above caption should be consolidated for all purposes, including discovery and trial. The first filed case shall be the Lead Case and all filings are to be made in Lead Case only. This Scheduling Order supersedes the previous scheduling order in *Exelixis, Inc. v. Sun Pharmaceutical Industries et al.*, C.A. No. 24-1208-RGA ("*Sun I*"), entered on February 14, 2025, for the deadlines on or after June 19, 2025, when Sun and Exelixis began discussing consolidation of C.A. Nos. 24-1208-RGA and 25-0423-RGA.

2. Biocon. On July 21, 2025, Exelixis and Defendants Biocon Pharma Limited, Biocon Limited, and Biocon Pharma, Inc. (collectively, "Biocon") filed a Stipulation and [Proposed] Order to Stay in C.A. No. 25-452-RGA based on their agreement to resolve that action. C.A. No. 25-452-RGA, D.I. 24. The Court granted the motion and stayed the case on July 22, 2025. D.I. 25. The deadlines set forth below shall not apply to Exelixis and Biocon in C.A. No. 25-452-RGA.

3. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and District of Delaware Default Standard Paragraph 3 on or before **August 7, 2025**.[1]

4. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **October 15, 2025**.

---

[1] The Appendix to this Scheduling Order summarizes the deadlines and events specified herein.

5. <u>Discovery</u>.

a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **February 11, 2026**. All expert discovery in this case shall be completed on or before **July 30, 2026.**

b. <u>Initial Discovery in Patent Litigation</u>.

   i. By **August 1, 2025,** Plaintiff shall specifically identify the accused products and the asserted patent(s) that the accused product(s) allegedly infringe, and produce the file history for each asserted patent.

   ii. By **August 7, 2025**, Defendants shall produce to Plaintiff the core technical documents related to the accused product(s), including but not limited to the ANDA or 502(b)(2) NDA for each accused product, to the extent such documents have not already been produced to Plaintiff. For instance, Defendants Sun, Azurity, and MSN represent that they have already produced their core technical documents to Plaintiff.

   iii. By **August 22, 2025**, Plaintiff shall produce to Defendants an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. By **February 11, 2026**, Plaintiff will produce to Defendants its final infringement contentions.

   iv. By **August 29, 2025**, Defendants shall produce to Plaintiff their initial invalidity contentions for each asserted claim, as well as the references (e.g., publications, manuals and patents) cited therein. By

3

**February 11, 2026**, Defendants shall produce to Plaintiff their final invalidity contentions for each asserted claim, as well as the references (e.g., publications, manuals and patents) cited therein.

c. <u>Document Production</u>. Document production shall be substantially complete by **November 21, 2025**.

d. <u>Requests for Admission</u>.

- Exelixis may serve 15 common requests for admission ("RFA") on Defendants.

- Exelixis may serve an additional 15 individual RFAs on each Defendant Group.[2]

- Defendants may collectively serve 15 common RFAs on Exelixis.

- Each Defendant Group may individually serve an additional 15 individual RFAs on Exelixis.

- Limits above do not apply to RFAs for purpose of authenticating documents or admissibility of specific documents.

e. <u>Interrogatories</u>.

- Exelixis may serve 10 common interrogatories on Defendants, restricted to common issues.

- Exelixis may serve an additional 10 individual interrogatories on each Defendant Group.

- Defendants may collectively serve 10 common interrogatories on Exelixis.

- Each Defendant Group may individually serve an additional 10 individual interrogatories on Exelixis.

---

[2] The Defendant Groups in this action are: (a) Sun Pharmaceuticals Industries Ltd. and Sun Pharmaceutical Industries, Inc.; (b) MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc.; and (c) Azurity Pharmaceuticals, Inc., Azurity Pharmaceuticals India LLP, and Slayback Pharma LLC.

MSN and Exelixis are continuing to meet and confer regarding discovery limits in C.A. No. 25-346 and reserve the right to stipulate to narrower discovery limits specific to that case.

f.  Depositions.

   i.  *Limitation on Hours for Deposition Discovery*.

       1.  Exelixis is limited to 42 hours of fact depositions against each Defendant Group. Defendants are collectively limited to 70 hours of fact depositions, given the extensive discovery already taken of Exelixis witnesses in prior cabozantinib litigation. By **August 7, 2025**, Exelixis will produce and designate for cross-use the fact depositions and trial testimony of current or former Exelixis employees, as well as any Exelixis Rule 30(b)(6) witnesses, in C.A. No. 19-2017 (consolidated) and C.A. No. 22-228 (consolidated). Defendants will endeavor to avoid questions that are duplicative of those already posed in cross-designated depositions. The limits above include Rule 30(b)(6) and third-party depositions.

       2.  The parties shall coordinate with respect to depositions of all witnesses and third parties.

   ii. *Limitations on Hours for Expert Deposition Discovery*. With respect to expert depositions, there shall be a presumption that an expert who provided an opening or responsive expert report can be deposed for up to 7 hours. To the extent that an expert provides more than one report, the parties shall meet and confer in good faith and attempt to come to an agreement on the total deposition time for that expert.

5

      Each Defendant Group shall be permitted up to 7 hours each for expert depositions on the issue of infringement.

  iii. *Location of Depositions*. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties, including potential virtual depositions. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  iv. *Timing of Depositions.* In the absence of agreement among the parties or by order of the Court, no deposition shall be scheduled prior to the substantial completion of document production.

 g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue

ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      h.     Miscellaneous Discovery Matters.

           1.     *Completed Litigations and Inter Partes Reviews*

- Exelixis asserted U.S. Patent No. 8,877,776 as well as patents not asserted in this case against MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. (collectively, "MSN") in C.A. No. 19-2017 (consolidated). In that action, MSN did not contest the validity of the claims of U.S. Patent No. 8,877,776. On January 30, 2023, this Court entered final judgment that MSN did not infringe claim 1 of U.S. Patent No. 8,877,776. No appeal was filed.

- Exelixis asserted U.S. Patent Nos. 9,724,342; 10,034,873; 10,039,757; and 11,298,349 against Teva Pharmaceuticals Industries Limited, Teva Pharmaceuticals Development, Inc., and Teva Pharmaceuticals USA, Inc. in C.A. No. 21-871 (consolidated). On September 19, 2023, this Court dismissed all claims without prejudice.

- Exelixis asserted U.S. Patent Nos. 8,877,776; 11,091,439; 11,091,440; 11,098,015; and 11,298,349 against Cipla Ltd. and Cipla USA, Inc. in C.A. Nos. 23-287 and 24-565. On July 9, 2024, this Court dismissed all claims (in both actions) without prejudice.

7

- On November 18, 2024, Azurity Pharmaceuticals, Inc. filed an *inter partes* review ("IPR") petition challenging claims of U.S. Patent No. 11,298,349. *See* IPR2025-00210. On June 4, 2025, the Patent Trial and Appeal Board denied institution of Azurity's petition.

- On January 9, 2025, Azurity Pharmaceuticals, Inc. filed an IPR petition challenging claims of U.S. Patent No. 12,128,039. *See* IPR2025-00427. On July 12, 2025, the Acting Director of the United States Patent and Trademark Office, Coke Morgan Stewart, denied institution of Azurity's petition.

2. *Pending Litigations*

- Exelixis asserted U.S. Patent Nos. 11,091,439; 11,091,440; 11,098,015; and 11,298,349 against MSN in C.A. No. 22-228 (consolidated). This Court issued a Final Judgment on October 23, 2024, finding that MSN infringed the asserted claims of U.S. Patent Nos. 11,091,439; 11,091,440; and 11,098,015 and rejecting MSN's invalidity argument with respect to those claims. The Court also found that MSN did not infringe the asserted claim of U.S. Patent No. 11,298,349 and rejected MSN's invalidity argument with respect to those claims. MSN noticed an appeal to the Court of Appeals for the Federal Circuit on November 22, 2024. Exelixis noticed a cross-appeal on November 26, 2024, and at Exelixis' request, the cross-appeal was dismissed on June 10, 2025. MSN's appeal is pending.

3. *Defendants' Expectation Regarding the Filing of IPRs*

- Defendants are still evaluating their options in accordance with the statutorily defined timeframes to file or join any petition.

6. <u>Application to Court for Protective Order</u>. The parties will submit a proposed protective order to the Court by **August 13, 2025 that relates to Plaintiff and Defendant Azurity**

8

in C.A. No. 25-478-RGA. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 5(g) above. With respect to C.A. No. 25-346, Exelixis and MSN agree to be bound by the Amended Protective Order in C.A. No. 19-2017 (consolidated) (D.I. 199). With respect to C.A. No. 25-423-RGA, Exelixis and Sun agree to be bound by the Protective Order in C.A. No. 24-1208-RGA (D.I. 31).

Any proposed protective order will include the following paragraph, in accordance with the Court's Patent Scheduling Order:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. <u>Papers Filed Under Seal</u>. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8. <u>Claim Construction Issue Identification</u>. On or before **September 4, 2025**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **September 11, 2025**, the parties shall exchange a list of their proposed constructions of those term(s)/phrase(s).[3] These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **September 18, 2025**. The Joint Claim Construction Chart, in Word format,

---

[3] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The Joint Claim Construction Chart will identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart will include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      9.    <u>Claim Construction Briefing.</u> Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **October 9, 2025**. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on **November 4, 2025**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **November 20, 2025**. Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on **December 8, 2025**. No later than **December 10, 2025**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

The parties' joint claim construction brief shall be structured as follows:

    I.    Representative Claims

    II.    Agreed-upon Constructions

    III.    Disputed Constructions

For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits. The parties will then set forth for each term:

      A.    [TERM 1]

          1.    Plaintiff's Opening Position
          2.    Defendants' Answering Position
          3.    Plaintiff's Reply Position
          4.    Defendants' Sur-Reply Position

      B.    [TERM 2]

          1.    Plaintiff's Opening Position
          2.    Defendants' Answering Position
          3.    Plaintiff's Reply Position
          4.    Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10.    <u>Hearing on Claim Construction</u>.   Beginning at 9:00 a.m. on **January 6, 2026**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

    11.    <u>Disclosure of Expert Testimony</u>.

      a.    <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **March 26, 2026**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 14, 2026**. Reply expert reports from the party with the initial burden of proof are due on or before **June 11, 2026**. No other expert reports will

be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **July 30, 2026**.

      b.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **August 20, 2026**, unless otherwise ordered by the Court.

12.    <u>Case Dispositive Motions</u>. No case dispositive motions shall be filed without leave of Court.

[*Plaintiff's Proposal*: Azurity's two motions for judgment on the pleadings, which were filed together on July 28, 2025, in C.A. No. 25-478 (D.I. 42, 44) without leave of Court, and which would dispose of all claims if granted, are denied on this basis.]

[*Azurity's Position*: Azurity opposes the inclusion of Exelixis' provision. Consistent with the general understanding that this paragraph requires leave of Court prior to the filing of Rule 56 motions, Rule 12(c) motions have been filed, briefed, and decided in other matters before this Court with Scheduling Orders that include the language of Paragraph 12. *See, e.g., Novartis Pharmaceuticals Corp. v. Alembic Pharmaceuticals Limited et al.*, C.A. No. 22-1395 (RGA);

*Ferring Pharmaceuticals Inc. et al v. Lupin Inc.*, C.A. No. 19-913 (RGA). Moreover, the Federal Rules of Civil Procedure permit the filing of 12(c) motions, which are filed without requiring leave of Court. *Id.*]

13.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.     Pretrial Conference. On **October 23, 2026**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.     Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     <u>Trial</u>.  This matter is scheduled for a 5-day bench trial, with trial days from 8:30 a.m. to 5:00 p.m. beginning on **November 2, 2026**.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17.     <u>Post-Trial Briefing</u>.  The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

_____
UNITED STATES DISTRICT JUDGE

# APPENDIX

### SUMMARY OF DEADLINES AND CASE EVENTS

| DEADLINE OR EVENT | DATE |
|---|---|
| Identification of accused products and asserted patents; production of file history for each asserted patent | August 1, 2025 |
| Defendants' production of core technical documents | August 7, 2025 |
| Initial disclosures | August 7, 2025 (only as it relates to the '039 patent for Sun) |
| Proposed protective order | August 13, 2025 (for Azurity) |
| Initial infringement contentions | August 22, 2025 |
| Initial invalidity contentions | August 29, 2025 |
| Exchange of list of claim terms | September 4, 2025 |
| Exchange of list of proposed constructions | September 11, 2025 |
| Joint Claim Construction Chart | September 18, 2025 |
| Plaintiff's opening claim construction brief | October 9, 2025 |
| Deadline to join parties or amend/supplement pleadings | October 15, 2025 |
| Defendants' answering claim construction brief | November 4, 2025 |
| Plaintiff's reply claim construction brief | November 20, 2025 |
| Document production substantially complete | November 21, 2025 |
| Defendants' sur-reply claim construction brief | December 8, 2025 |
| Joint Claim Construction Brief | December 10, 2025 |
| *Markman* hearing | January 6, 2026 |
| Close of fact discovery | February 11, 2026 |
| Final infringement and invalidity contentions | February 11, 2026 |

2

| **DEADLINE OR EVENT** | **DATE** |
|---|---|
| Opening expert reports | March 26, 2026 |
| Rebuttal expert reports | May 14, 2026 |
| Reply expert reports | June 11, 2026 |
| Close of expert discovery | July 30, 2026 |
| *Daubert* deadline | August 20, 2026 |
| Pretrial conference | October 23, 2026 |
| Trial | November 2, 2026 |